IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANCE STRADER *doing business as* Advance Housing, | ) ) ) |
| Appellant, | ) ) Civil Action No. 20-1743 |
| v. | ) ) ) |
| RHONDA J. WINNECOUR, *Trustee*, | ) Appeal Related to Bankruptcy ) Case No. 20-22643 ) |
| Appellee. | ) |

## MEMORANDUM OPINION

Presently before the Court is *pro se* Appellant Vance Strader's appeal of an order by Chief United States Bankruptcy Judge Carlota M. Böhm, dismissing his case in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 20-22643 (Docket No. 1), Appellant's brief in support of his motion (Docket No. 14), the Response of Ronda J. Winnecour,[1] Chapter 13 Standing Trustee ("Trustee") to Appellant's brief (Docket No. 20), and Appellant's reply and amendment thereto (Docket Nos. 26, 27). For the reasons set forth herein, the bankruptcy court's order is affirmed, and Appellant's appeal is dismissed.

### I. Background

As the parties are familiar with the background of this case, it need not be detailed in its entirety here. The Court notes, however, that the present case represents the third Chapter 13 bankruptcy case filed by Appellant Vance Strader since 2019. Appellant's first bankruptcy case, filed on November 29, 2019, was dismissed without prejudice on December 19, 2019, after

---

[1] The Court uses herein the spelling of "Ronda J. Winnecour" that is used by the Trustee herself in her filings.

1

Appellant failed to pay his second installment of the filing fee, in accordance with his own application. (Docket No. 23 at 2, 5, 8). Appellant's second bankruptcy case, filed on January 30, 2020, was dismissed without prejudice on August 6, 2020, when Judge Böhm found that Appellant failed to demonstrate an attempt to reorganize, and failed to demonstrate the feasibility of his proposed Chapter 13 plan. (Docket Nos. 23 at 18, 28-29; 23-2 at 92).

Appellant's latest bankruptcy case was filed just over a month after his second case was dismissed, on September 10, 2020. (Docket No. 23-3 at 125). Because of the circumstances resulting in the dismissal of the second case, Judge Böhm issued an order to show cause in the present case, directing Appellant to show cause why this third case should not be dismissed with prejudice. (Id. at 136-38). That order further noted that (1) this was the third case in a row in which Appellant sought to pay the filing fee in installments, despite his having reported income of between $2,500 and $7,000; (2) Appellant had failed to make any plan payments in his prior cases; and (3) there appeared to be no good faith effort on Appellant's part to reorganize, nor any intent to fund a plan. (Id.).

In response to the order to show cause, Appellant filed an "Affidavit for disqualification of Carlota M. Bohm pursuant to 28 USCS 455" and an "Affidavit for response and objections to order filed on 9/14/20," in which he appeared to raise matters that were irrelevant to his intent to reorganize under Chapter 13. (Docket No. 23-4 at 146-54, 159-70). A show cause hearing was held on September 14, 2020, and on September 30, 2020 Judge Böhm issued one order denying Appellant's request for recusal, and another order dismissing Appellant's case with prejudice and barring him from filing another bankruptcy petition for a period of 180 days. (Id. at 171, 173-75). On November 13, 2020, Appellant filed his Notice of Appeal of final order. (Docket No. 1).

## II. Discussion

A bankruptcy court's conclusions of law are reviewed *de novo*, while its findings of fact are reviewed under a clearly erroneous standard.  See Geruschat v. Ernst & Young LLP, 346 B.R. 123, 125 (W.D. Pa. 2006) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir.1981); Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 641-42 (3d Cir. 1991)), aff'd sub nom. In re Seven Fields Dev. Corp., 505 F.3d 237 (3d Cir. 2007).  A bankruptcy court's decision to dismiss a bankruptcy case for lack of good faith in filing, as well as a bankruptcy judge's decision not to recuse, are reviewed under an abuse of discretion standard.  See In re Myers, 491 F.3d 120, 125-27 (3d Cir. 2007); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Under these standards, and after careful consideration of Appellant's contentions, the Trustee's responses, and the bankruptcy court's reasoning, the Court will affirm the bankruptcy court's order dismissing Appellant's case.[2]  More specifically, the Court concludes that the bankruptcy court did not abuse its discretion in finding that the case should be dismissed because of Appellant's lack of good faith in filing his petition without an intent to reorganize and fund a plan.  See In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996) (noting that a lack of good faith in filing may warrant dismissal of the case, and that the good faith inquiry is a fact-intensive determination, in light of the totality of the circumstances, and is best left to the discretion of the

---

[2] The Court notes that while *pro se* litigants are entitled to leeway in the application of procedural rules, there are limits to the court's procedural flexibility.  See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013).  Thus, *pro se* litigants cannot flout procedure rules and must abide by the same rules that apply to all other litigants.  See id.  Moreover, it is not the court's role to imagine some way that a plaintiff might state an adequate complaint or to "conjure up unpleaded facts to support . . . conclusory (allegations)," nor is a judge expected "to conjure up questions never squarely presented to them."  Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979) (internal citation omitted); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court further notes that Appellant's brief, reply and amendment thereto are far from models of clarity, and that Appellant's filings contain numerous impertinent statements disparaging Judge Böhm, counsel for the Trustee, and other entities, all of which the Court has chosen to ignore.  Instead, mindful of Appellant's *pro se* status, the Court responds herein to the arguments that are most reasonably gleaned from Appellant's filings.

3

bankruptcy court). Judge Böhm explained in her order that Appellant appeared at the show cause hearing and was unable to respond adequately to the concerns raised by the Court based on the three recent Chapter 13 cases he had successively filed and failed to demonstrate a good faith intent to reorganize. (Docket No. 1 at 9). See In re Lilley, 91 F.3d at 496 (noting that factors relevant to the totality of the circumstances inquiry may include the nature of the debts at issue, the timing of the petition, how the debts arose, the debtor's motive in filing the petition, how the debtor's actions affected creditors, the debtor's treatment of creditors before and after the petition was filed, and whether the debtor has been forthcoming with the bankruptcy court and creditors).

Additionally, since Judge Böhm explained that Appellant "failed to demonstrate a good faith intent to reorganize," that "it is abusive to obtain the benefits of bankruptcy for months without any indication of a good faith effort to reorganize and fund a plan," and that Appellant "filed this case almost immediately after the dismissal of his prior case and the same concerns being raised," the Court finds that Judge Böhm's reasoning shows that it was appropriate to dismiss Appellant's case with prejudice and bar him from filing a bankruptcy petition for 180 days. (Docket No. 1 at 9-10). See Glassman v. Feldman (In re Feldman), 597 B.R. 448, 461 (Bankr. E.D.N.Y. 2019) (noting that it is well-established that courts have discretion to bar re-filing of a bankruptcy case for periods of a year or longer, and that where "there is sufficient cause, the imposition of prejudice under the authority of Section 105(a) and Section 349(a) is necessary to prevent the abuse of a Chapter 13 case."); In re Lee, 467 B.R. 906, 918 (B.A.P. 6th Cir. 2012) (noting that §§ 109(g) and 349(a) grant a bankruptcy court the authority to prohibit bankruptcy filings for at least 180 days "for cause"); In re Joobeen, 385 B.R. 599, 609-10 (E.D. Pa. 2008) (explaining that it is well-settled that bankruptcy courts "derive from § 105(a) or § 349(a) of the Code . . . the power to sanction bad faith serial filers . . . by prohibiting further

bankruptcy filings for longer periods than the 180 days specified by §109(g)" (internal citation omitted)).

Furthermore, the Court finds that Judge Böhm did not err in concluding that Appellant was not entitled to a jury trial, which appears to be (upon consideration of the unclear language presented in Appellant's filings), perhaps, the gravamen of his objections to the order dismissing his case. [3]  Judge Böhm explained in a footnote in her order that Appellant's argument that he seeks decisions by juries rather than by a judge – which was the same argument that he made in his prior case and that he reiterated at the show cause hearing – *was not, in fact, relevant to whether he filed the present case with a good intent to reorganize, which was the actual purpose of that hearing*.  (Docket No. 1 at 9 n.1).  Nevertheless, Judge Böhm also noted that, as Appellant had been advised previously in his prior case, he "does not have a right to a jury trial on the issue of dismissal of the bankruptcy case," nor does he have a right to a jury trial on a number of other issues in a bankruptcy case.  (Id.).  Additionally, Judge Böhm appropriately explained that Appellant's "asserted right to trials by juries must be considered in the context of bankruptcy proceedings and specifically with regard to the objections to claims he intended to pursue" (citing In re Tribune Media Co., 902 F.3d 384, 397 (3d Cir. 2018)), and that to the extent Appellant seeks to contest claims, dismissal of his bankruptcy case in no way prejudices his ability to do so since he may still pursue appropriate causes of action in state or federal court.  (Docket No. 1 at 9 n.1, 10).

---

[3]  The issue of whether Appellant was entitled to a jury trial with regard to the dismissal of his case is more appropriately considered a conclusion of law and has been evaluated as such by the Court.  Further, although his arguments are extremely unclear, to the extent Appellant is arguing that he is entitled to a jury trial in order to litigate the claims against him, he is mistaken.  See Katchen v. Landy, 382 U.S. 323, 337 (1966) (holding that there is no right to trial by jury where the claims allowance process is implicated); see also Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1245 (3d Cir. 1994) (explaining that the Seventh Amendment's right to trial by jury in suits at common law does not extend to equitable claims) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989)).

Additionally, the Court finds that Judge Böhm did not abuse her discretion in denying Appellant's motion for recusal.[4] Recusal is required under 28 U.S.C. § 455(a) "'where a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality.'" Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (quoting United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)). A judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1)). Judicial rulings alone, however, almost never constitute a valid basis for a bias or partiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994)). Instead, a litigant's disagreement or complaint about an opinion or order should usually be raised in an appeal, not in a motion for recusal. See id. Thus, when a litigant does not cite to extrajudicial sources, the judge's opinions and remarks must reveal a "'deep-seated' or 'high degree' of 'favoritism or antagonism'" making "'fair judgment impossible.'" Taylor v. Winnecour, No. 12cv1846, 2013 WL 136499, at *1 (W.D. Pa. Jan. 10, 2013) (quoting Liteky, 510 U.S. at 555-56).

In her order, Judge Böhm indicated that Appellant's Affidavit was denied for the reasons set forth on the record and because "a party's displeasure with legal rulings is not a sufficient basis for recusal." (Docket No. 1 at 15). Upon review of that Affidavit, the Court notes that Appellant alleged therein no facts raising a question about Judge Böhm's impartiality other than the fact that she had dismissed his second case and might dismiss the present case, nor did he allege her reliance on any extrajudicial source or cite to any conflict she had. As nothing Appellant alleges reasonably calls Judge Böhm's impartiality into question, the Court concludes

---

[4] It is unclear whether Appellant is appealing, in addition to Judge Böhm's order dismissing his case, the order denying his request that she disqualify herself, since Appellant states in his Notice of Appeal that he is appealing from his final order from 9/30/2021 but he attaches both orders to his Notice of Appeal. (Docket No. 1 at 1, 9-11, 15). Erring on the side of caution, the Court is addressing herein Appellant's recusal motion as well as the final order dismissing his case.

that Judge Bohm did not abuse her discretion in denying his motion for recusal.  Furthermore, to the extent Appellant simply disagrees with Judge Böhm's ruling, such disagreement should be brought up on appeal, which Appellant has done.

### III. Conclusion

Accordingly, the September 30, 2020 Order of Bankruptcy Judge Böhm, dismissing Appellant's case with prejudice, is affirmed and is adopted as the opinion of the Court in conjunction with the Court's reasoning herein, and Appellant's appeal is dismissed.

An appropriate order will follow.

s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated:          September 8, 2021

cc/ecf:         All counsel of record
                The Hon. Carlota M. Böhm, Chief United States Bankruptcy Judge
                Vance Strader (via U.S. Mail)